**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC,<br>*Plaintiff*,<br>v.<br>UNITED MICROELECTRONICS CORPORATION,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-00730-JRG<br>(LEAD CASE) |
| ADVANCED INTEGRATED CIRCUIT,<br>*Plaintiff*,<br>v.<br>TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-00623-JRG<br>(MEMBER CASE) |

**ORDER**

Before the Court is the Unopposed Motion for Leave to Conduct Jurisdictional and Venue Discovery of Defendant Taiwan Semiconductor Manufacturing Company Limited ("Defendant" and with Plaintiff, the "Parties") (the "Motion") filed by Plaintiff Advanced Integrated Circuit Process LLC ("Plaintiff"). (Dkt. No. 41.) In the Motion, Plaintiff states that the Parties have reached an agreement regarding limited jurisdictional and venue discovery related to TSMC Ltd.'s Opposed Motion to Dismiss Advanced Integrated Circuit Process LLC's Complaint Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction or in the Alternative Transfer to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (Case No. 2:24-cv-00623-JRG, Dkt. No. 26, the "Motion to Dismiss or Transfer"). (Dkt. No. 41 at 1.) The Motion is unopposed. (*Id*. at 1, 5.)

Having considered the Motion, and noting its unopposed nature, the Court finds that it should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that the following discovery may be taken: Plaintiff may (1) serve up to five (5) interrogatories and six (6) requests for production; (2) depose Mick Hsieh, pursuant to both Federal Rules of Civil Procedure 30(b)(1) and 30(b)(6), with a translator, for up to seven (7) total hours; (3) depose Jason Lin, pursuant to Rule 30(b)(1), with a translator, for up to four-and-a-half (4.5) total hours; and (4) depose Elissa Haas, pursuant to Rule 30(b)(1), without a translator, for up to two-and-a-half (2.5) total hours. All jurisdictional and venue depositions shall take place where the witness resides, but either party may elect to participate virtually. This jurisdictional and venue discovery will be limited to discovery on the issues raised in Defendant's Motion to Dismiss or Transfer (Case No. 2:24-cv-00623-JRG, Dkt. No. 26). Until a protective order is issued by the Court, discovery produced by Defendant and/or TSMC North America pursuant to the jurisdictional and venue discovery, including but not limited to information, documents and testimony, may be designated as "Confidential – Outside Attorneys' Eyes Only," such that disclosure of such discovery shall be limited to Plaintiff's outside attorneys of record and the employees of Plaintiff's outside attorneys. Plaintiff and Defendant shall complete jurisdictional and venue discovery within ninety (90) days after the entry of this Order. Plaintiff shall respond to the Motion to Dismiss or Transfer (Case No. 2:24-cv-00623-JRG, Dkt. No. 26) within fourteen (14) days after the close of jurisdictional and venue discovery. Defendant shall reply to Plaintiff's response within twenty-one (21) days thereof.

**So ORDERED and SIGNED this 2nd day of January, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE