# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION,<br><br>*Defendant*. | CIVIL ACTION NO. 2:24-CV-730-JRG<br>(Lead Case) |
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br><br>*Defendant*. | CIVIL ACTION NO. 2:24-CV-623-JRG<br>(Member Case) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Plaintiff's Claims for Direct Infringement and Pre-Suit Indirect Infringement (Dkt. No. 15) filed by Defendant United Microelectronics Corporation ("UMC"). In the Motion, UMC asks the Court to dismiss Plaintiff Advanced Integrated Circuit Process LLC's ("AICP") allegations of direct infringement pursuant to Federal Rule of Civil Procedure 12(b)(6) because AICP "merely parrots the claim language . . . and fails to provide adequate notice of its claims." (*Id.* at 1). Having considered the Motion and the related briefing, and for the reasons set forth below, the Court finds that the Motion should be and hereby is **DENIED**.

## I.   Background

AICP is the assignee of seven patents related to the "structures and fabrication of semiconductor devices." (Dkt. No. 44, at 2). AICP brought this suit, alleging that UMC infringes those patents "by manufacturing semiconductor devices" through certain processes—*viz.*, "at its 22 and 28 nanometer process nodes." (*Id.*). Specifically, AICP maintains "that all of the semiconductor devices UMC manufactures at these process nodes . . . infringe the asserted patents." (*Id.*). To support its claims, AICP's complaint identified two "exemplary infringing UMC-manufacturered products," one of which UMC makes for Qualcomm, and another which UMC makes for Microsemi. (*Id.* at 2–3). Both products are manufactured at the 28 nanometer process node, and AICP argues that all of UMC's chips manufactured at this node "infringe the asserted patents in the same way the exemplar devices do." (*Id.* at 3). Similarly, AICP alleges that the 22 nanometer process infringes because it is "based on" and "derived from" the 28 nanometer process. (*Id.*). AICP also pled indirect infringement and willfulness, but neither are at issue in the Motion. (*Id.*).[1]

## II.   Legal Standard

"A pleading that states a claim for relief must contain," *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants may "test[] the sufficiency of the pleadings" against this standard by moving under Federal Rule of Civil Procedure 12(b)(6). *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). To survive such a motion, "a complaint must . . . plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] UMC's Motion also asks the Court to dismiss AICP's allegations of pre-suit indirect infringement. (Dkt. No. 15, at 1, 10–11). However, after UMC filed the Motion, UMC and AICP stipulated to the dismissal of those allegations (Dkt. No. 35) and the Court accepted and acknowledged that stipulation (Dkt. No. 43). Accordingly, UMC's Motion is **DENIED AS MOOT** with regard to AICP's pre-suit-indirect-infringement claims.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "Specific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Rather, "the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Id.* (alteration in original) (quoting *Erickson*, 551 U.S. at 93).

In evaluating whether a Rule 12(b)(6) movant is entitled to relief, the Court "accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff." *Mullen Indus. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:24-cv-49-JRG, 2025 WL 1658927, at *1 (E.D. Tex. June 11, 2025). However, "the Court is not required to accept the plaintiff's legal conclusions as true." *Id.*

"To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016) (quoting 35 U.S.C. § 271(a)). "The plaintiff is not required to exhaustively detail its claims and theories of infringement in the Complaint." *Id.* at *4. However, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1324, 1353 (Fed. Cir. 2021).

"In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

### III.     Analysis

UMC argues that AICP's "allegations lack any factual support and are inconsistent on the face of the complaint." (Dkt. No. 15, at 2).

On the first point, UMC contends that AICP's "direct infringement allegations contain no factual assertions for the Court to find a plausible claim for relief" because they merely "parrot[] back the claim language for one claim of each patent." (*Id.*). That is, UMC characterizes AICP's complaint as doing no more than asserting "the bare conclusion that the claim limitations are present in the Qualcomm and Microsemi products." (*Id.* at 7; *see also id.* ("Plaintiff's complaint falls below th[e] minimum threshold" of "provid[ing] some minimal level of factual allegations.")). To show this, UMC compares AICP's complaint to various complaints deemed sufficient or insufficient by this Court or the Federal Circuit. (*Id.* at 7–9). Most relevantly, UMC points to this Court's *Opticurrent* decision. (*Id.* at 8 (discussing *Opticurrent, LLC*, 2016 WL 9275395, at *3–4)). UMC argues that *Opticurrent* cannot sustain Plaintiff's complaint because this complaint "fails to describe the claimed technology beyond the claim limitations" or "identify any benefits of the alleged inventions." (*Id.*). This, says UMC, sufficiently distinguishes *Opticurrent* and its complaint. (*Id.*).

AICP responds in kind, urging that its complaint matches up well with the complaint at issue in *Opticurrent*. (Dkt. No. 44, at 5–7). AICP says that *Opticurrent* stands for the proposition that a complaint clears the 12(b)(6) threshold when it identifies: (1) "the asserted patent and claim," (2) "the technology covered by the patent," (3) "the infringing activity," (4) "the accused product," and (5) "how the accused product infringes." (*Id.* at 5 (quoting *Opticurrent, LLC*, 2016 WL 9275395, at *4)). Plaintiff then walks through each of these factors, detailing how its complaint checks each of the *Opticurrent* boxes. (*Id.* at 5–6). Meeting each, AICP asserts that it "plausibly

4

alleges that UMC directly infringes the asserted claims by manufacturing semiconductor devices incorporating the patented structures at its 22 and 28 nanometer process nodes." (*Id.* at 7). Finally, AICP suggests that UMC overreads *Opticurrent*, arguing that neither it nor other precedent "holds that the plaintiff must use specific language to describe the inventions, their uses, or their benefits." (*Id.* at 8).

The Court agrees with AICP. First, AICP has the better reading of *Opticurrent*. Even if the complaint at issue there did identify specific technological benefits and describe its asserted technology in detail, those considerations did not alter the Court's reasoning. *See Opticurrent*, 2016 WL 9275395, at *4. Indeed, this Court reasoned that:

> Opticurrent's allegations in its complaint, viewed in the light most favorable to [it], give rise to a reasonable inference that Defendants have directly infringed. Specifically, Opticurrent has identified the asserted patent and claim, described the technology covered by the patent, identified the infringing activity, identified the accused product, and identified how the accused product infringes.

Applying the same logic to this case demonstrates that AICP has pled a sufficient factual basis. First, AICP identifies each of its asserted patents and a representative claim of each. (Dkt. No. 44, at 5). Second, AICP describes the covered technology and how they relate to the structure and fabrication of semiconductor devices. (*Id.* at 5–6). Third, AICP details in several paragraphs per claim how UMC infringes by manufacturing the accused devices with features that meet the claim limitations and then offering and selling those devices in the United States. (*Id.* at 6). Fourth, AICP identifies two of UMC's products as "exemplary infringing semiconductor devices" and alleges that UMC manufacturers all of its 28 and 22 nanometer process node semiconductors in the accused manner or in a way derived from the accused manner. (*Id.*). Finally, AICP recites its description of "the accused functionality as the incorporation of the patented structure into all semiconductor devices" manufactured in these ways. (*Id.*). For each of these, AICP supplies

citations to the relevant paragraphs of its complaint, identifying the facts represented in its Opposition to UMC's Motion. (*Id.* at 5–6). Having considered these arguments and citations, the Court agrees with AICP that it has pled sufficient facts to overcome the low 12(b)(6) bar.

UMC's assertion that AICP's complaint is internally inconsistent does not salvage its argument. As a preliminary matter, the substance of this argument is not entirely clear as it is quite conclusory. Though neither potential reading of it is availing, the Court addresses each below.

First, UMC appears to argue as follows: (1) AICP complains that all of UMC's products manufactured according to the identified processes infringe its patents; yet (2) AICP identifies only the Qualcomm chip as an exemplary accused product for counts 1 through 6 and only the Miscrosemi chip as an exemplary accused product for count 7; (3) if all products actually infringed, AICP should not have had to identify a second product; so (4) it must not be the case that all of the products actually infringe. (Dkt. No. 15, at 5). However, as AICP notes, "if AICP could have listed just one infringing device in its complaint, why would listing *two* such devices weaken its claims?" (Dkt. No. 44, at 12). "Identifying two exemplary infringing devices does not render either device less infringing," (*id.*), and UMC does not cite any authority to the contrary. Accordingly, UMC's argument is unpersuasive on this reading.

Second, UMC also appears to argue that not all of its products can infringe the asserted claims because the claims require different combinations of two distinct types of transistors. (Dkt. No. 15, at 4). AICP rejoins that this "argument rests on a fundamental misunderstanding of semiconductor technology" because "[m]ultiple transistor structures may be present on the same semiconductor device." (Dkt. No. 44, at 11). Indeed, AICP alleges that "UMC uses common transistor structures across all of the semiconductor devices it manufacturers at its 22 and 28

6

nanometer process nodes." (*Id.* at 12). Thus, the facts as alleged do not appear to present an internal contradiction, so this argument does no more for UMC than its others.

## IV.     Conclusion

Given the above, the Court finds that UMC has not met its burden to show that AICP has failed to plead its causes of action according to the Federal Rules of Civil Procedure. Instead, the Court concludes that AICP has provided fair notice of its claims and the grounds upon which they rest. For these reasons, UMC's Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 30th day of September, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE