REDACTED

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC, | § § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 2:24-cv-730-JRG |
| v. | § § | (LEAD CASE) |
| UNITED MICROELECTRONICS CORPORATION, | § § § § | |
| *Defendant.* | § § § § | |
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 2:24-cv-623-JRG |
| v. | § § | (MEMBER CASE) |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, | § § § § § | |
| *Defendant.* | § § § | |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN OPINIONS OF DR. JEFFREY BOKOR REGARDING VALIDITY OF CLAIM 15 OF THE '779 PATENT**

REDACTED

**TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................................1

II.     RELEVANT BACKGROUND ..........................................................................................1

III.    ARGUMENT......................................................................................................................2

        A.      Dr. Bokor Improperly Relies on AICP's Infringement Theory, Which is Legally Irrelevant to Validity.................................................................................2

        B.      Dr. Bokor Conflates the Written Description and Enablement Requirements ......................................................................................................3

        C.      Dr. Bokor Jettisons the Court's Claim Construction Ruling in Favor of His Own ..........................................................................................................4

IV.     CONCLUSION..................................................................................................................5

REDACTED

## I.   INTRODUCTION

Defendant Taiwan Semiconductor Manufacturing Company Limited's ("TSMC") expert, Dr. Jeffrey Bokor, offers legally defective opinions concerning the validity of Claim 15 of U.S. Patent No. 8,796,779 ("'779 Patent") and the written description requirement of 35 U.S.C. § 112(a). For three reasons, Plaintiff Advanced Integrated Circuit Process LLC ("AICP") respectfully requests the Court strike Dr. Bokor's opinions on the validity of Claim 15 of the '779 Patent, including, at least, his opinions on the written description requirement, and exclude any testimony from Dr. Bokor regarding the same.[1]

Dr. Bokor's opinions (1) improperly rely on AICP's infringement theory; (2) constitute bare legal opinions that are inappropriate for an expert; (3) are premised on a misunderstanding of the law that conflates distinct statutory requirements; and (4) rest on Dr. Bokor's own claim construction that is directly contrary to this Court's *Markman* ruling.

## II.   RELEVANT BACKGROUND

Claim 15 of the '779 Patent recites: "The semiconductor device of claim 1, wherein an effective work function of the first MIS transistor is higher than an effective work function of the second MIS transistor." *See* Ex. B ('779 Pat.), at cl.15. The Court construed "effective work function" according to its plain and ordinary meaning in its January 30, 2026, Claim Construction Order. *See* ECF No. 204, at 36–38.

In relevant part, Dr. Bokor opines that "claim 15 of the '779 patent is invalid because it lacks written description support." Bokor Report, at ¶ 159. Dr. Bokor's written description

---

[1] Dr. Bokor's opinions with respect to the written description requirement are contained in Paragraphs 7, 33–35, and 159–170, and his opinions regarding the validity of Claim 15 are contained, in addition to the preceding paragraphs, in Paragraphs the 299–312, 430–475, 530–574, 625–673, 723–766. *See* Ex. A (Initial Expert Report of Dr. Jeffrey Bokor) (Feb. 10, 2026).

1

REDACTED

challenge centers on his contention that the '779 patent discloses "only one method for achieving [a] difference in effective work function between the first and second MIS transistors—namely, by increasing the EOT of the gate insulating film of the first MIS transistor," *id.*—and that AICP's infringement theory rests on "a different method of adjusting effective work function using different metal compositions," *id.* at ¶ 160.

## III.    ARGUMENT

### A.    Dr. Bokor Improperly Relies on AICP's Infringement Theory, Which is Legally Irrelevant to Validity

Dr. Bokor's opinion that Claim 15 of the '779 Patent does not satisfy the "written description" requirement improperly depends on AICP's infringement theory. In his report, Dr. Bokor opines that "the '779 patent fails to provide written description support for claim 15 because it fails to provide written description support for the 'effective work function' limitation for the scope of the term ***as AICP is interpreting it for its infringement theory***." *Id.* at ¶ 159. During his deposition, Dr. Bokor confirmed that his opinions as to the *validity* of Claim 15 depended "in part" on AICP's *infringement* theory. Ex. C (Bokor Rough Depo. Tr.), at 57:23-58:1. When given two opportunities to clarify that his validity opinions were independent of AICP's infringement allegations, and that they would not change if AICP's infringement theory changed, Dr. Bokor offered no such clarification. *See id.* 62:8-23 ("I'm not prepared to give an opinion about that as I sit here today.").

"The only proper comparison for evaluating whether a patent satisfies the written description requirement is comparing the specification to the claims." *Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, 2025 WL 2446283, at *6 (E.D. Tex. Aug. 25, 2025) (quoting jury instructions). It is improper for an expert to measure the adequacy of a claim's written description by comparing the specification to the accused product or to the opposing party's theory of

REDACTED

infringement. As this Court recently noted, "the specifications must be compared to the claims themselves," and "it is improper to compare the specifications to the accused product." *Procomm Int'l Pte. Ltd. v. Verizon Commc'ns, Inc.*, 2026 WL 392343, at *4 (E.D. Tex. Feb. 5, 2026), *report and recommendation adopted*, 2026 WL 386230 (E.D. Tex. Feb. 11, 2026); *see also Touchstream*, 2025 WL 2446283, at *6 (Jury Instructions: "You may not consider Touchstream's theories of infringement when deciding whether Charter has proven lack of adequate written description."). The Federal Circuit has likewise disapproved of written description arguments where a defendant "merely revives its non-infringement argument in the cloak of a validity challenge." *Rex Med., L.P. v. Intuitive Surgical, Inc.*, 156 F.4th 1289, 1305 (Fed. Cir. 2025) (quoting *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1321 (Fed. Cir. 2003)).

Dr. Bokor's opinions run afoul of these principles. Rather than comparing the claims to the specification on their own terms, Dr. Bokor filters his written description analysis through the lens of AICP's infringement allegations. But AICP's infringement theory is irrelevant to whether the specification satisfies the written description requirement. Dr. Bokor's written description opinions should be stricken because they are legally erroneous and inadmissible under Federal Rule of Evidence 702. *See United States ex rel. Mitchell v. CIT Bank, N.A.*, 2022 WL 1233651, at *3 (E.D. Tex. Apr. 26, 2022) ("[A]n expert opinion premised on an incorrect understanding of the law should be excluded.").

### B.      Dr. Bokor Conflates the Written Description and Enablement Requirements

Dr. Bokor's professed understanding of the written description requirement also improperly conflates the distinct "written description" and "enablement" requirements of § 112(a). In his expert report, Dr. Bokor recites the following: "I understand that a patent claim is invalid for lack of written description if the specification does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and

3

REDACTED

exact terms **as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same**.” ¶ 33 (emphasis added). Dr. Bokor's understanding of the law is incorrect.

Dr. Bokor's formulation improperly merges the written description requirement (which asks whether the specification conveys to a person of skill in the art that the inventor had possession of the claimed invention) with the “separate and distinct” enablement requirement (which asks whether the specification teaches a person of skill in the art how to make and use the invention). *Procomm*, 2026 WL 392343, at *2. Because Dr. Bokor's written description opinions are built on this flawed legal foundation, they are inadmissible under Federal Rule of Evidence 702 and should be stricken. *See United States ex rel. Mitchell*, 2022 WL 1233651, at *3.

C.    **Dr. Bokor Jettisons the Court's Claim Construction Ruling in Favor of His Own**

Finally, the Court should strike *all* of Dr. Bokor's opinions regarding the validity of Claim 15, not only his “written description” opinions, because Dr. Bokor's opinions are premised on his own claim construction of “effective work function” that is inconsistent with, and directly contrary to, this Court's *Markman* ruling.

The Court held that “effective work function” should be interpreted according to its plain and ordinary meaning. *See* ECF No. 204, at 38. Dr. Bokor himself acknowledged that the plain and ordinary meaning of “effective work function” to a person of ordinary skill in the art can encompass multiple methods of changing the effective work function—including varying the metal gate electrode composition. *See* Bokor Dep. 66:7-13. Yet despite this acknowledgment, Dr. Bokor opined that the '779 patent “expressly disparages the use of different metal electrodes in order to have different work functions” and, therefore, “the patent doesn't cover that—wouldn't cover that method of changing the effective work function.” *Id.* at 67:14-19. Such an opinion is

4

REDACTED

equivalent to reading a negative limitation from the specification into the claims. Courts routinely reject such attempts at the claim construction phase. *See Rambus Inc. v. Infineon Techs. Ag*, 318 F.3d 1081, 1088 (Fed. Cir. 2003) ("This court has repeatedly and clearly held that it will not read unstated limitations into claim language.") (citation omitted). Dr. Bokor's attempt to do the same now, well after the Court's issuance of its *Markman* ruling, is even more inappropriate.

It is well established that "[e]xpert opinions that contradict or disregard a court's claim constructions should be excluded." *See Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, 2025 WL 2029871, at *2 (E.D. Tex. July 21, 2025) (citation omitted); *see also Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022) ("We affirm that the grant of a motion to strike expert testimony is not improper when such testimony is based on a claim construction that is materially different from the construction adopted by the parties and the court."). Dr. Bokor's opinions regarding the validity of the '779 Patent violate this bedrock principle and should therefore be stricken.

## IV.    **CONCLUSION**

Considering the numerous flaws permeating Dr. Bokor's written description opinions, including his misunderstanding of validity principles, and his statements deviating from the Court's claim construction of "effective work function," AICP respectfully requests the Court strike Dr. Bokor's opinions regarding the validity of Claim 15 of the '779 Patent (Paragraphs 7, 33–35, 159–170, 299–312, 430–475, 530–574, 625–673, 723–766) or, at a minimum, his opinions regarding whether the claim meets the written description requirement (Paragraphs 7, 33–35, 159–170). The Court should also exclude any testimony from Dr. Bokor regarding the validity of Claim 15 of the '779 Patent and his opinions regarding the written description requirement.

REDACTED

Dated: March 17, 2026

Respectfully submitted,

*/s/ Justin Nelson*
Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

Ian Gore
Washington State Bar No. 54519
Kemper Diehl
Washington State Bar No. 53212
Bianca Rey
Washington State Bar No. 62422
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
igore@susmangodfrey.com
kdiehl@susmangodfrey.com
brey@susmangodfrey.com

Ravi Bhalla
New York State Bar No. 5748223
Andrew Nassar
New York State Bar No. 6162226
Stuart Pollack
New York State Bar No. 2952984
SUSMAN GODFREY L.L.P.

6

REDACTED

One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
rbhalla@susmangodfrey.com
anassar@susmangodfrey.com
spollack@susmangodfrey.com

*Of Counsel*:
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com
andrea@millerfairhenry.com

*Attorneys for Plaintiff AICP*

7

REDACTED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel for TSMC were served with these documents via email on March 17, 2026.

*/s/ Justin Nelson*
Justin A. Nelson

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for AICP and counsel for TSMC met and conferred on March 17, 2026, and were unable to resolve the dispute at issue in this motion.

*/s/ Justin Nelson*
Justin A. Nelson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this document is authorized to be filed under seal pursuant to the Protective Order in this case because it refers to material designated by the parties as protected.

*/s/ Justin Nelson*
Justin A. Nelson

8