**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC,<br>*Plaintiff*,<br>v.<br>UNITED MICROELECTRONICS CORP.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00730-JRG<br>(LEAD CASE) |
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC,<br>*Plaintiff*,<br>v.<br>TAIWAN SEMICONDUCTOR MANUFACTURING CO. LTD.<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00623-JRG<br>(MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Taiwan Semiconductor Manufacturing Co. Ltd.'s ("TSMC") Motion to Transfer to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) ("Motion"). (Case No. 2:24-cv-00623, Dkt. No. 26.) Defendant requests the Court to transfer the above-captioned patent case for the convenience of the parties and witnesses. Defendant urges that the Northern District of California ("NDCA") would be more convenient. However, Defendant is a Taiwanese corporation, and Defendant itself does not appear to have any connection to NDCA.

Having considered the Motion, the associated briefing, and the documents submitted in support thereof, the Court finds that the Motion should be **DENIED**. Defendant has failed to establish the threshold requirement that Plaintiff could have originally filed suit in NDCA. Defendant also has failed to show that venue in NDCA would be clearly more convenient.

## I. BACKGROUND

Plaintiff filed suit, accusing Defendant TSMC of infringing seven semiconductor patents. (Case No. 2:24-cv-623, Dkt. No. 1.) About four months later, TSMC filed the instant Motion to dismiss for lack of personal jurisdiction and to alternatively transfer the case to NDCA. (Case No. 2:24-cv-623, Dkt. No. 26.) TSMC subsequently withdrew the personal jurisdiction portion of its Motion. (Dkt. No. 70.) Only the transfer portion of the Motion remains pending.

Plaintiff is located in this District in Allen, Texas. (*Id.* at 1.) Defendant, on the other hand, is a Taiwanese corporation. Its United States subsidiary, TSMC North America ("TSMC NA"), is located in the Northern District of California. (*See* Case No. 2:24-cv-623, Dkt. No. 26 at 4.) Defendant TSMC alleges that neither itself nor TSMC NA make or sell the accused products in the United States. TSMC NA is not a party to this action.

## II. LEGAL AUTHORITY

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendant must demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Absent such a showing, the plaintiff's original choice of forum is respected. (*Id.*)

The Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors to determine if a § 1404(a) transfer is warranted. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private interest factors include: (1) "the relative ease of access to sources of proof," (2) "the availability of compulsory process to secure the attendance of witnesses," (3) "the cost of attendance for willing witnesses," and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: (1) "the

administrative difficulties flowing from court congestion," (2) "the local interest in having localized interests decided at home," (3) "the familiarity of the forum with the law that will govern the case," and (4) "the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

## III. ANALYSIS

### A. Defendant failed to establish that this case could have been filed in the Northern District of California.

The threshold inquiry is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen*, 371 F.3d at 203. That inquiry at least requires a defendant to establish that the identified forum would have personal jurisdiction over it. *See, e.g.*, *In re Zhejiang Crystal-Optech Co. Ltd.*, No. 2023-111, 2023 WL 2298764, at *1 (Fed. Cir. Mar. 1, 2023).

Defendant has failed to make this threshold showing. Defendant's Motion contends that NDCA is a "[p]roper [v]enue," but also "maintains it is not subject to general or specific personal jurisdiction . . . anywhere in the United States in this matter." (Case No. 2:24-cv-00623, Dkt. No. 26 at 26.) It also contends that any relevant contacts are made by TSMC NA with NDCA, not Defendant TSMC. It further contends that Federal Rule of Civil Procedure 4(k)(2) does not apply. (*Id.*) Defendant, consistent with these representations, has failed to establish that NDCA (for purposes of this transfer motion) would have personal jurisdiction over it. (Case No. 2:24-cv-00623, Dkt. No. 26.)

Given Defendant's failure, the Court need not consider the private and public interest factors. Nonetheless, and out of an abundance of caution, the Court reviews them and in doing so finds that a fair weighing of these factors does not establish that NDCA is a clearly more convenient venue.

**B. The convenience factors weigh against transfer.**

The Court addresses the private interest factors followed by the public interest factors. As explained in the following sections, the Court finds that the convenience factors weigh against granting a transfer.

i. Private interest factors weigh against transferring this case to the Northern District of California.

**The relative ease of access to sources of proof.** This factor weighs against transfer. Defendant argues that TSMC's documents and Nuvoton, the prior assignee of one or more asserted patents, are in Taiwan, which is over 1,000 miles closer to NDCA than this District. (Case No. 2:24-cv-00623, Dkt. No. 26 at 27-28.) Defendant also identifies that several daily direct flights run from Taiwan to San Francisco, but none to this District. (*Id.*) It stresses that Defendant's subsidiary, TSMC NA, and Apple, Defendant's customer, has relevant documents and employees in NDCA.

Plaintiff identifies that the bulk of the documents in this case are stored electronically, which diminishes the importance of their physical form. (Dkt. No. 212 at 5-7.) Plaintiff also contends that physical sources of proof can be found in Texas because Defendant's customers and subsidiaries maintain offices in Texas. (*Id.*) Apple, for example, hosts a team of TSMC subsidiary engineers onsite at its Austin facility on a regular basis to assist in design. (*Id.*)

The Court finds that the identified potential (though unnamed) witnesses are spread across Texas, NDCA, and abroad. The scattered locations of these witnesses do not show that NDCA would be clearly more convenient. Likewise, the various locations of documents in this case do not show that NDCA would be clearly a more convenient forum. Additionally, such sales, marketing, and other documents are stored and maintained electronically. This materially diminishes the importance of their production in hard copy, where they are digital and thereby

subject to world-wide delivery at the push of a button. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022).

**The availability of compulsory process to secure the attendance of witnesses.** This factor weighs slightly against granting transfer. Defendant identifies that Apple and TSMC NA—not Defendant TSMC—have representatives with knowledge about the accused products in NDCA and that NDCA could compel such witnesses to testify. (Case No. 2:24-cv-00623, Dkt. No. 26 at 27-28.)

Plaintiff argues that it anticipates calling Apple employees who work with TSMC Technology, Inc. ("TTI") employees in Austin, who would be able to describe TSMC's extensive sales efforts in the U.S. (Dkt. No. 212 at 7-9.) Employees of TSMC's customers in Texas are unlikely to voluntarily testify against TSMC, which makes compulsory process all the more relevant. (*Id.*)

The Court gives some weight to Plaintiff's representations that it expects to call a number of third-party witnesses who know about Defendant's products, and that this Court has subpoena power over such witnesses. The Court does not find that Defendant's potential witnesses have specialized knowledge about the accused products which the witnesses in Texas would not have. On balance, the Court finds that this factor slightly weighs against granting transfer.

**The cost of attendance for willing witnesses.** The Court finds that this factor weighs slightly in favor of granting transfer. Defendant contends that its party witnesses are in Taiwan, and that NDCA is geographically closer to Taiwan and more convenient for TSMC witnesses. (Case No. 2:24-cv-00623, Dkt. No. 26 at 28-29.)

Plaintiff alleges that the Eastern District of Texas ("EDTX") is more convenient for many AICP, third-party, and TSMC witnesses. (Dkt. No. 212 at 9-12.) TSMC subsidiaries maintain

offices in Texas staffed by employees (some of whom are in Richardson) with knowledge of the accused products, including members of TSMC NA sales team and TSMC subsidiary engineers. (*Id.*)

Although Plaintiff correctly identifies that TSMC subsidiaries are close to Texas, the Court notes that Defendant's Taiwanese witnesses would likely incur less cost to attend proceedings for this case in NDCA. However, this finding rests in large part on obvious speculation regarding who might testify when and where and at what cost. Further, witnesses from Taiwan will have an arduous trip to either NDCA or EDTX. Travel to either venue will likely consume an entire day. All things considered, the Court finds that this factor weighs only slightly in favor of granting transfer.

**All other practical problems regarding trial.** This factor weighs against transfer. Although Defendant filed its Motion approximately four months after suit was filed in November 2024, the parties did not complete briefing for this Motion until March 2026. (Dkt. No. 245.) The parties repeatedly agreed to numerous extensions that resulted in **briefing for this Motion not being complete for more than 1.5 years**. Such a significant delay reflects a quasi-abandonment of this Motion and weighs against granting transfer.

ii. <u>Public interest factors slightly weigh against granting transfer to the Northern District of California.</u>

**The administrative difficulties flowing from court congestion.** The Court finds that this factor slightly weighs against transfer. Defendant argues that this factor is neutral. (Case No. 2:24-cv-00623, Dkt. No. 26 at 30.) Although this factor has been called the "most speculative," "the district court is in a better position to estimate the efficiency of its own docket." *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024). Accordingly, the significant differences in time to trial between this District and NDCA should not be unduly discounted. *Id.* Based on the docket in this Court,

the Court acknowledges that a district court in NDCA would probably not be able to try this case as promptly as this District, especially at such a late juncture and without having to reinvent a wholly new and delayed trial schedule. While far from being dispositive, the Court finds that this factor slightly weighs against transfer.

**The local interest in having localized interests decided at home.** Defendant argues that AICP itself does not even have an office (or any other ties) in EDTX, nor has it identified any employees with relevant knowledge in this District. (Case No. 2:24-cv-00623, Dkt. No. 26 at 29-30.) It also notes that Defendant interacts with Apple employees located in NDCA, as do TSMC NA employees who are also located in NDCA. (*Id.*) Plaintiff argues that the local-interest factor does not favor transfer because Texas has at least as strong of a connection to the events giving rise to this case given Defendant's work with TSMC subsidiaries in this District. (Dkt. No. 212 at 14-15.)

The Court finds that this factor is neutral and does not clearly favor transfer. The reality in this case is that third-party witnesses and the accused products have connections both to NDCA and this District, which in this case indicates that this factor is neutral.

**Familiarity with law and conflicts of law.** Both parties appear to agree that these factors are inapplicable or neutral. The Court agrees.

## IV. CONCLUSION

As an initial threshold matter, Defendant has not made the requisite showing that Plaintiff could have properly initiated this suit in the Northern District of California. This ends the inquiry. However, even overlooking this fatal flaw, the convenience factors themselves, on balance, do not show that NDCA is clearly more convenient. Accordingly, Defendant's transfer Motion (Case No. 2:24-cv-623, Dkt. No. 26) is **DENIED**.

**So ORDERED and SIGNED this 7th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE